# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LEWIS C. BERRY, | |
| Plaintiff, | Case No. 3:17-cv-140 |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | Magistrate Judge Michael J. Newman (Consent Case) |
| Defendant. | |

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 14. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB') and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

## I.

### A. Procedural History

Plaintiff filed an application for DIB and SSI alleging a disability onset date of October 1, 2006. PageID 350-64. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

including, *inter alia*, residuals of a gunshot wound to the left shoulder and thigh, posttraumatic stress disorder ("PTSD"), and depression. PageID 69.

After an initial denial of his applications, Plaintiff received a hearing before ALJ Emily R. Statum on June 12, 2014. PageID 118-36. ALJ Statum issued a decision on September 8, 2014 finding Plaintiff not disabled. PageID 186-202. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels[3] subject to specific non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 195-203.

Thereafter, Plaintiff appealed the decision of ALJ Statum. The Appeals Council granted Plaintiff's request for review, vacating ALJ Statum's non-disability finding, and remanding the case to the ALJ for further proceedings. PageID 209-13.

On remand, Plaintiff received a hearing before ALJ Mark Hockensmith on February 3, 2016. PageID 87-117. ALJ Hockensmith issued a decision on February 26, 2016 finding Plaintiff not disabled. PageID 67-78. Specifically, ALJ Hockensmith found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to specific non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 71-78.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Hockensmith's non-disability finding the final administrative decision of the Commissioner. PageID 46-49. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal challenging the non-disability finding of ALJ Hockensmith (hereafter, "ALJ"). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. *See* 20 C.F.R. § 404.1567.

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 67-78), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10 and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

II.

A.     **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues the ALJ erred by: (1) failing to demonstrate that a significant number of jobs exist in the national economy that Plaintiff can perform; and (2) improperly assessing Plaintiff's credibility. Doc. 9 at PageID 973-79.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy. The undersigned thus affirms the ALJ's non-disability finding.

**A. Significant Numbers of Jobs**

Plaintiff first argues that the ALJ erred by failing to demonstrate a significant number of jobs exist in the national economy that he can perform despite his limitations. PageID 973-76. To that end, he challenges the accuracy of the RFC utilized by the ALJ and, thus, the accuracy of the hypothetical questions the ALJ asked of the Vocational Expert ("VE"). Specifically, Plaintiff alleges that the ALJ, upon remand, utilized a slightly different RFC that that used by ALJ Statum (*occasional reaching with left upper extremity in front or laterally and no reaching over head* versus *frequent reaching in front and laterally on left and occasional overhead reaching on left*). PageID 71, 195, 974 (emphasis added). Plaintiff contends that this was done solely to elicit new VE testimony that would support a finding unfavorable to him. PageID 976. This argument, however, is flawed.

5

When the Appeals Council vacates and remands a decision, that decision is no longer binding. An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings. *Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 570 (6th Cir. 2003); *see Duda v. Sec'y of H.H.S.*, 834 F.2d 554, 555 (6th Cir. 1987) (concluding that a Remand Order is not a final decision by the Commissioner).

Here, the decision of ALJ Statum was vacated and remanded by the Appeals Council because (1) the questions she posed during the administrative hearing on Jun 12, 2014 were inconsistent with the RFC she selected; and (2) the VE, in response to these hypotheticals, gave inaccurate and/or improper testimony. PageID 211-12. The Appeals Council determined that additional vocational evidence was needed to resolve these issues. *Id.* The Appeals Council instructed the ALJ to obtain additional evidence regarding Plaintiff's impairments; give further consideration to Plaintiff's RFC; and obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base. *Id.*

As a result of the Appeals Council's Order vacating and remanding the matter, neither ALJ Statum's decision, nor any of the findings contained therein, became "final" and binding on ALJ Hockensmith pursuant to *Drummond*. *See Williams v. Astrue*, No. 3:10-cv-2354, 2012 U.S. Dist. LEXIS 33983, at *6 (S.D. Ohio Mar. 14, 2012).

The ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1527(e)(2). The regulations vest the ALJ with "responsibility for reviewing the evidence and making findings of fact and conclusions of law." *Id.* An ALJ is not required to adopt precise limitations offered by a single medical source in assessing a claimant's RFC. *Id.*

To that end, ALJ Hockensmith reasonably reviewed the evidence in the record, including Plaintiff's testimony; and medical evidence by Amita Oza, M.D.; Donald Kramer; M.D.; and Paul Hanley, M.D.; and the medical evidence provided in the record as a whole. Based upon this evidence, ALJ Hockensmith reasonably found that Plaintiff could perform a full range of work with specific non-exertional limitations.[4] PageID 71-76. Thus, ALJ Hockensmith's RFC finding is based upon substantial evidence and Plaintiff's error in this regard is without merit.

The ALJ must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002). "This kind of 'substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id*. In formulating hypothetical questions, the ALJ need only incorporate those limitations accepted as credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235.

In this case, a new hearing was conducted by the ALJ on February 23, 2016. PageID 87-111. At that hearing, VE Charlotta J. Ewers gave testimony that a person with the above listed limitations would be able to work as, among others, a store laborer (DOT 922.687-058), washer (DOT 599.687-030), or hand packager (DOT 920.587-018). PageID 113-14. VE Ewers further testified that there are approximately 2.5 million jobs in the national economy that a person with such restrictions can perform. *Id.*

Because ALJ Statum's decision never became final, as it was vacated pursuant to a remand for further proceedings, ALJ Statum's findings were not binding on ALJ Hockensmith. Thus, it is irrelevant that ALJ Hockensmith's RFC was different from that selected by ALJ Statum. PageID

---

[4] Plaintiff is limited to: "(1) occasional reaching overhead on left; (2) frequent reaching in front and literally on left; (3) limited to simple, routine tasks; (4) in a static work environment with few changes in routine; (5) no fast paced work or strict production quotas; (6) no contact with the public; and (7) occasional contacts with coworkers and supervisors." PageID 71-76.

211-12; *see Wireman*, 60 Fed. App'x at 571. Rather, the remand order contained instructions that the ALJ reconsider Plaintiff's RFC and obtain additional vocational evidence, which the ALJ did. PageID 211-12. Thus, ALJ Hockensmith did not err in creating an RFC different from ALJ Statum, and Plaintiff's assignment of error in this regard is without merit.

### B. Credibility

Plaintiff also alleges the ALJ erred in assessing his credibility. PageID 976-79. It is up to the ALJ, not this court, to "evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003). This court must give great deference to the ALJ's determination of credibility "since the ALJ has the opportunity, which we do not, of observing a witness' demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2997).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p, upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's

8

subjective complaints concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *Id.*; *see also* 20 C.F.R. § 404.1529(c)(3).

In considering the entire case record, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Having reviewed the ALJ's decision as a whole, the Court finds the ALJ reasonably and appropriately found Plaintiff only "partially credible." PageID 73-75. The ALJ's conclusions in this regard are supported by substantial evidence, *see*, *e.g.*, PageID 72-76, and, as a result, the undersigned finds Plaintiff's contention regarding the ALJ's credibility assessment to be without merit.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date: June 21, 2018         s/ Michael J. Newman
                            Michael J. Newman
                            United States Magistrate Judge